**Charles H. FORT, Plaintiff-Appellant,**

v.

**ROADWAY EXPRESS, INC., et al.,
Defendants-Appellees.**

No. 82–8500.

United States Court of Appeals,
Eleventh Circuit.

Nov. 12, 1984.

---

21. Transcript, Vol. 8, p. 42.

Richard H. Sinkfield, Atlanta, Ga., for plaintiff-appellant.

Fisher & Phillips, Michael C. Towers, R. Patrick White, Atlanta, Ga., for Roadway.

Frederick C. McLam, Decatur, Ga., for Local 728.

Before HENDERSON and HATCHETT, Circuit Judges, and JONES, Senior Circuit Judge.

JONES, Senior Circuit Judge:

In this employment discrimination case, the district court, following a bench trial, found for the defendants. In its dispositive order (which contained the court's findings of fact and conclusions of law), the court concluded that the plaintiff's suit was groundless and that the defendants, as "prevailing parties," were entitled to attorney's fees. The court did not, however, determine the amount of these fees, reserving jurisdiction to do so at a later date.

The plaintiff brought this appeal from the court's determination that fees should be awarded. We conclude that we have no 28 U.S.C. § 1291 (1982) final judgment before us and dismiss the appeal for want of jurisdiction.[1]

I.

On August 8, 1979, appellant Charles H. Fort, a black male, was discharged from

---

1. Fed.R.Civ.P. 54(b) has no application in this context because the district court disposed of all of the substantive claims the plaintiff asserted against the defendants. The defendants' attorney's fee claims arose after the court decided plaintiff's substantive claims. Even if rule 54(b) applied, so that we could treat the district court's determination of the fee claims on liability only, it is of no avail here because the district court did not certify that there was "no just reason for delay" and direct the entry of a partial final judgment.

We also have no jurisdiction under 28 U.S.C. § 1292(b) (1982) because the district court did not make the requisite section 1292(b) findings and plaintiff did not apply to us for leave to appeal within 10 days.

his employment at Roadway Express, Inc. (Roadway), for allegedly tampering with a device on his truck, a governor, that allowed him to increase the speed at which the truck could operate. Fort thereafter filed a grievance through his union, the Truck Drivers and Helpers Local Union 720 (Union), against the company, seeking reinstatement and back pay. During a first level of grievance proceedings, Roadway attempted to negotiate a settlement with Fort by offering him, at the suggestion of the Union, reinstatement without back pay. Fort refused this settlement and his discharge remained effective. Fort's grievance was then taken by the Union to the regional Grievance Committee. The Committee sustained Roadway's discharge of Fort.

Having obtained no relief through these channels, Fort, on August 29, 1980, filed suit in the district court against Roadway and Union,[2] alleging that Roadway and the Union had discriminated against him because of his race and had thereby violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. § 1981 (1982).[3] According to Fort, Roadway discriminated against him when it reinstated all white drivers previously discharged for governor tampering, but refused to reinstate him. The Union discriminated against him when it succeeded in obtaining reinstatement for all of the white drivers discharged for governor tampering, but failed to obtain reinstatement for him.

The district court held a bench trial on these issues in June 1982. It published its findings of fact and conclusions of law in an order dated July 7, 1982. In that order, the court held that Roadway had not discriminated against Fort by permanently discharging him. Although the court recognized that Fort was the only driver permanently discharged from Roadway for governor tampering, it found that the company had offered Fort the same opportunity of reinstatement without back pay that it had offered the white drivers it had discharged. There was no evidence, therefore, that Roadway had treated Fort, a black driver, any differently than it had treated its white drivers. The court also exonerated the Union. The court found that the Union had treated Fort the same way it treated its white members, by fully and fairly processing Fort's grievance against the company through the steps provided for in its collective bargaining agreement with Roadway.

The district court then turned to the issue of attorney's fees. Both Roadway and the Union claimed that, as "prevailing parties" they were entitled to attorney's fees because Fort's suit against them was frivolous and unreasonable. The court agreed. It found that Fort had instituted his lawsuit even though Roadway had offered him reinstatement; he thus knew that his claims of discrimination were without foundation. The court held that Fort should be liable for the defendants' attorneys' fees as a cost item under the standard set forth in *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978) ("plaintiff should not be assessed his opponent's attorney's fees [under section 706(k) of Title VII] unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.")[4]

On July 26, 1982, nineteen days after the district court entered its findings of fact

---

**2.** Fort also joined as a party defendant the International Brotherhood of Teamsters (International). On February 5, 1981, International moved for a partial summary judgment, and, on April 22, 1981, Fort moved to dismiss the case as to International. The court granted Fort's motion.

**3.** Fort also claimed that Roadway and the Union had conspired to discriminate against him, in violation of 42 U.S.C. § 1985 (1982), and that the Union had failed to fairly represent him in violation of 29 U.S.C. § 185(a) and (b) (1982). The district court found against Fort on both of these claims.

**4.** The Supreme Court, in *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), applied this same standard to an award of attorney's fees to a prevailing defendant under 42 U.S.C. § 1988 (1982), the applicable provision for attorney fee awards in 42 U.S.C. § 1981 (1982) suits.

and conclusions of law, Roadway filed a costs bill which included a charge for attorney's fees in the amount of $42,642.61. On August 6, 1982, before the court could consider the amount of fees to award Roadway, Fort took this appeal from the court's July 7, 1982 order. Shortly thereafter, the Union filed a costs bill which included a charge for attorney's fees in the amount of $11,423.75. Fort filed an objection to the defendants' costs bills on August 17, 1982. On October 22, 1982, the district court entered an order, stating that it would defer further ruling on the attorney's fees and costs issues until Fort's appeal was concluded; the court reasoned that the outcome of the appeal might affect its award of attorney's fees and costs.

## II.

The only portion of the district court's July 7 order which Fort questions in this appeal is the court's determination that he should be liable for attorney's fees; he does not question the court's disposition of the merits of his employment discrimination claims. Although all of the parties have briefed and argued the question Fort has placed before us, we are unable to decide it because we find[5] that the July 7 order is not a final judgment with regard to the claims of Roadway and the Union for attorney's fees.[6]

■ It is well established that an appellate court only has jurisdiction to hear appeals taken from final orders. 28 U.S.C. § 1291 (1982); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1948). A final judgment is generally recognized as being an order of the court which "leaves nothing for the court to do but execute on the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Consistent with this definition, this circuit has recently held that if " 'an order on its face contemplate[s] further proceedings before the [parties'] ultimate obligations ... [become] fixed,' " such an order will not be determined to be a final judgment. *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1523 (11th Cir.1983) (quoting *S.E.C. v. Independence Drilling Corp.*, 595 F.2d 1006, 1008 (5th Cir.1979). In *Mekdeci*, the court held that an order awarding the prevailing party costs was not a final judgment absent a determination by that court as to the amount of costs to be awarded. The court's determination in *Mekdeci* is in accord with the long-standing rule that a determination as to liability, prior to a determination on the issue of damages or other relief requested, is not a final appealable judgment. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976) (citing cases).

■ Based on this precedent, we hold that the district court's July 7 order finding Fort liable for fees without determining the amount thereof is not a final appealable judgment with regard to the issue of attorney's fees. It is evident from the face of this order that the district court contemplated further proceedings before entering a final judgment on the issue of attorney's fees. A district court order, such as the one now presented, that determines only the liability aspect of a claim for an unliquidated monetary award, has never been held

---

5. This court is obliged to raise this issue on our own motion. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 740, 96 S.Ct. 1202, 1204, 47 L.Ed.2d 435 (1976); *In Re Yarn Processing Patent Validity Litigation*, 680 F.2d 1338, 1339 (11th Cir.1982).

6. This question should be distinguished from the question of whether an order resolving all of the issues in a case except the award or amount of attorney's fees is a final appealable judgment on the merit of the substantive issue. In

*McQurter v. City of Atlanta*, 724 F.2d 881, 882 (11th Cir.1984), we held that whether such an order is final depends on whether the issue of attorney's fees is "collateral to an action" or "an integral part of the merits of the case and the scope of relief." (quoting *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143, 1146 (5th Cir.1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983)). *See also C.I.T. Corp. v. Nelson*, 743 F.2d 774, 775 (11th Cir. 1984).

to be a final appealable judgment, and we decline to hold such here.

Our determination that the district court's July 7 order is not a final judgment with regard to the issue of attorney's fees is fully consistent with and will further the policies which animate the final judgment rule. Although a number of different policies are served by that rule, *see generally* 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure, § 3907 (1st ed. 1976), two of the most important are the avoidance of piecemeal review of the issues before the trial court, *United States v. Nixon*, 418 U.S. 683, 690, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974), and the avoidance of appeals on issues which might otherwise be mooted if the case were allowed to proceed on to final disposition in the trial court. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981).

Our holding today, that an order awarding attorney's fees is not final until the amount to be awarded is also determined, avoids the piecemeal review of the attorney's fee issue by consolidating two potential appeals into one. If we were to entertain the merits of Fort's appeal, we may well be faced with two appeals: the first, now pending, questioning Fort's liability for attorney's fees; the second, Fort's, or Roadway's, or the Union's appeal dealing with the amount of the fees the district court awarded. Although a second appeal will be avoided if we determine, now, that Fort cannot be held liable for attorney's fees, the policy considerations we have cited still require us to stay our hand at this time.

The final judgment rule we follow in this case also takes into account the possibility that, if this case is allowed to proceed to a final conclusion in the district court without interruption, the parties may conclude that an appeal is not warranted. For example, the amount of the fees Fort may be held liable for may be low enough that the expense of taking an appeal is not justified. Conversely, if the fees awarded are relatively high, the prevailing parties may find it in their best interest to work out a compromise settlement and thus avoid the risk of losing their awards or having them reduced significantly on appeal.

Finally, if the party found liable for attorney's fees is required to postpone his appeal until the trial court has also determined the amount of fees to be awarded, his appeal might be mooted, because the court itself may conclude, after examining the factors that govern the amount of an award, *see Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), that an attorney's fee award is not justified.

One of the *Johnson* factors the court below will be required to take into account in determining the amount of attorney's fees to be awarded is the novelty and difficulty of the issues litigated. *Id.* at 718. In making this determination, the court will be required to consider many of the same factors it took into account when it determined that Fort's suit was frivolous. The court may even find, upon reflection, that its determination that the suit was frivolous was erroneous, thus requiring the vacation of the court's earlier "liability" determination. This would, of course, moot the issue Fort presents in this appeal.

In addition to reviewing the novelty and difficulty of the issues before it, the court will be required to take into account the amount of time which the defendants' attorneys expended. *Id.* at 717. The time counsel spent to establish that Fort had been offered reinstatement may have a bearing on the question of whether, before he instituted suit, he knew of this offer and therefore knew that a suit would be frivolous. A case that may appear to be frivolous at the conclusion of a trial may not have been frivolous when it was brought; in such a situation, the time the lawyers devoted to the factual or legal issues involved may be highly informative.

█ In sum, both the novelty and difficulty of the issues presented by a plaintiff's claim and the time the parties' attorneys expend in developing the facts are relevant to the question of frivolousness, whether frivolousness is judged at the time

suit is filed or at some point during its prosecution. Where, as here, the trial court defers its entertainment of such evidence, it may, when the evidence is finally presented, find itself compelled to reassess its earlier decision on frivolousness and thus on the defendant's right to recover a fee at all. Such a decision would, of course, render any decision we might make, in the interim, merely provisional.

For the reasons stated above, we dismiss the appeal for want of jurisdiction.

DISMISSED.