Felipa Monreal RODRIGUEZ, et al.,
Plaintiffs-Appellees-Cross-Appellants,

v.

Robert HANDY and David Wharton, individually and as officers with the Immigration and Naturalization Service, Defendants-Appellants,

and

The United States of America,
Defendant-Appellant-Cross-Appellee.

No. 84–2730.

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1986.

---

Joe Goldberg, Nat. Border Patrol Council, Washington, D.C., for Handy.

Daniel K. Hedges, U.S. Atty., Robert Darden, C.J. (Neil) Calnan, James R. Gough, Asst. U.S. Attys., Houston, Tex., Peter R. Maier, Lead Counsel, Barbara L. Herwig, Atty., Appellate Staff, Civil Div., U.S. Dept. of Justice, Washington, D.C., for U.S.A.

Roger Reed, McAllen, Tex., for plaintiffs-appellees-cross-appellants.

Before GARWOOD and HILL, Circuit Judges, and WILL,* Senior District Judge.

WILL, Senior District Judge:

■ The question presented is whether we have jurisdiction over an appeal from a district court order denying attorney's fees against one defendant and granting attorney's fees without calculating the amount against two other defendants, where the merits of the case have been settled pending appeal. For the reasons stated below, we dismiss the appeals and remand to the district court.

## I.

This suit was brought by eighteen nonresident aliens who were injured or whose decedents were killed when the pickup truck in which they were riding overturned in Jim Hogg County, Texas on February 27, 1980. The accident occurred during a high speed chase by two federal Border Patrol Agents, defendants Robert Handy and David Wharton, after Handy shot the rear tires of the truck with a revolver and shotgun. The agents had responded to a call for assistance from two deputy sheriffs of the county who had observed the truck running a stop sign.

On September 26, 1984, after a bench trial, the district court issued its findings of fact and conclusions of law. The court concluded that Handy and Wharton were liable for an intentional tort under Texas common law. The court also found that Handy and Wharton had acted within the scope of their employment and that the United States was liable for their actions under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680. Accordingly, the court found the United States and Handy and Wharton jointly and severally liable for compensatory damages totalling $171,449.25. In addition, the court found that Handy and Wharton were not liable for a constitutional violation under 42 U.S.C. § 1983 and that none of the defendants were liable for attorney's fees. Final-

---

* Senior District Judge of the Northern District of Illinois, sitting by designation.

ly, the court awarded the plaintiffs punitive damages of $41,600 against Handy only.

On November 2, 1984, the district court issued an order amending in part its September 26 decision. Vacating its previous finding that the plaintiffs had not proven a § 1983 violation by the individual defendants, the court instead expressly reserved ruling on the § 1983 claims. Moreover, the court partially reversed itself on the attorney's fees question, granting the plaintiff's motion for fees under 42 U.S.C. § 1988 against Handy and Wharton. In support of this ruling the court cited *Williams v. Thomas,* 692 F.2d 1032, 1036 (5th Cir.1982), *cert. denied,* 462 U.S. 1133, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983) (attorney's fees may be granted under § 1988 to plaintiff who prevails on pendent nonconstitutional claims when court declines to reach substantial constitutional claims). The court withheld ruling on the amount of attorney's fees due, however, stating that Handy and Wharton would have until November 26, 1984 either to negotiate a settlement or to challenge the amounts requested by the plaintiffs. As before, the court did not assess attorney's fees against the United States.

The individual defendants and the United States filed appeals, and the plaintiffs filed a cross-appeal limited to the question of whether the district court erred in denying attorney's fees against the United States under the Equal Access to Justice Act, 28 U.S.C. § 2412(b). Shortly after the appeals were filed, the district court entered the following order: "The Court has been advised that Plaintiffs are appealing the Court's refusal to tax fees against the United States and that Defendants are appealing the liability findings against them. The matter of calculating attorney's fees is thus STAYED until any of the parties can offer a cogent argument to the contrary."

Subsequently, the parties reached a partial settlement of the case. In exchange for the United States' unconditional agreement to pay the plaintiffs' compensatory damages, the plaintiffs relinquished their rights to collect the punitive damages assessed against Handy. Further, the plaintiffs agreed not to enforce the award of attorney's fees against the individual defendants unless their fee claim against the United States was finally denied on appeal. Thus, the merits of the case were settled, reserving only the attorney's fees issues.

Prior to oral argument, we requested the parties to address the issue of whether appellate jurisdiction was proper under 28 U.S.C. § 1291. Though they championed different theories of jurisdiction, all parties urged us to review the district court's rulings on attorney's fees. Because we conclude that the appeals are premature, we do not reach the issues addressed in the parties' briefs.

II.

In a line of cases beginning with *Holmes v. J. Ray McDermott & Co.,* 682 F.2d 1143 (5th Cir.1982), *cert. denied,* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983), this court consistently has held district court orders allowing fees but failing to calculate the amount to be nonappealable. At the same time, the court has recognized that, in appropriate circumstances, such orders may constitute final, appealable judgments. The determination has turned upon the nature of the plaintiff's cause of action and the source of his entitlement to attorney's fees.

In *Holmes,* the plaintiff brought an action against his employer under the Jones Act and general maritime law. The jury, finding that the employer had willfully and arbitrarily refused to pay maintenance and cure, awarded the plaintiff damages, maintenance and cure, and attorney's fees. The amount of the attorney's fees, however, was left for the court. In dismissing the appeal as premature, the court articulated the following test for finality:

> When attorney's fees are similar to costs ... or collateral to an action ... a lack of determination as to the amount does not preclude the issuance of a final, appealable judgment on the merits. When, however, the attorney's fees are an integral part of the merits of the case and

the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment.

682 F.2d at 1146. Finding that in an action for arbitrary and willful refusal to pay maintenance and cure attorney's fees were "an integral part of the merits," the court concluded that the judgment could not be appealed prior to the fixing of the amount of fees. *Id.* at 1148.

Subsequent cases applying the *Holmes* test have also found no appealable final judgment where the plaintiff is awarded fees in an indeterminate amount. In *Oxford Production Credit Ass'n v. Duckworth*, 689 F.2d 587 (5th Cir.1982), the court held that in a contract action under Mississippi law attorney's fees provided for by the contract were not collateral but integral to the merits. *Id.* at 589. The court reached a similar result in *Alcorn County v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160 (5th Cir.1984), an action under the Racketeer Influenced and Corrupt Organizations Act, where the same statutory section that created the cause of action provided for an award of attorney's fees. *Id.* at 1165. And in *Todd Shipyards Corp. v. Auto Transp.*, 763 F.2d 745 (5th Cir. 1985), the court found that, in an action for breach of implied warranties of workmanlike performance, attorney's fees were akin to damages and therefore "an integral part of the merits." *Id.* at 751. *Cf. Bilmar Drilling, Inc. v. IFG Leasing Co.*, 795 F.2d 1194, 1199 (5th Cir.1986) (since motion for fees under 28 U.S.C. § 2202 is collateral to action for declaratory judgment, it is not subject to tenday filing period of R. 59(e)); *Hooper v. FDIC*, 785 F.2d 1228, 1232 (5th Cir.1986) (since contractual attorney's fees are integral to merits under Texas law, appeal was premature while motion for fees was still pending in district court).

Interestingly, the court in both *Holmes* and *Alcorn County* assumed in dicta that the result would be different if fees were sought, as here, under § 1988. *See Alcorn County*, 731 F.2d at 1165; *Holmes*, 682 F.2d at 1147 n. 7. The source of this

assumption can be found in *White v. New Hampshire*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). In *White*, the Supreme Court held that a post-judgment motion for attorney's fees under § 1988 was not subject to the time limitations of Rule 59(e) of the Federal Rules of Civil Procedure. The Court reasoned that Rule 59(e) was designed only to permit reconsideration of matters going to the merits, whereas "a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action." 445 U.S. at 451, 102 S.Ct. at 1166. The Court further observed that § 1988 attorney's fees "are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial." *Id.* at 452, 102 S.Ct. at 1166.

Although *White* did not directly involve a question of appealability, the Court found "implicit support" for its decision in the holdings of various courts of appeals that judgments on the merits may be final and appealable prior to a ruling on fees. *Id.* at 452 n. 14, 102 S.Ct. at 1167 n. 14. In turn, this and other circuits have read *White* to establish a rule that § 1988 attorney's fees questions are collateral to the merits for purposes of determining finality. *See generally* 15 Wright, Miller, & Cooper, *Federal Practice and Procedure* § 3915 (Supp. 1986).

At this point it might appear that our jurisdiction over the present case is established. Plainly, the order *denying* fees against the United States presents no obstacle since it leaves nothing further for the district court to decide. What is problematic is the order granting fees without determining the amount, and on that question *White* and the *Holmes* line of cases speak with persuasive, if not controlling, authority.

This case is distinguishable from its predecessors in one crucial particular, however: the merits, all parties concede, have been fully settled. The plaintiffs have received full payment of their compensatory damages and have waived their right to collect punitive damages. Thus, unlike the

cases previously discussed, this appeal involves nothing more than fees.

When the merits of a case have been resolved and the only questions left for appeal pertain to fees, the *Holmes* test, by its own terms, is inapplicable. *See Holmes,* 682 F.2d at 1146 (when fees are collateral, "a lack of determination as to the amount does not preclude the issuance of a final, appealable judgment *on the merits.*") (Emphasis added). In a case such as this, there is no justification for allowing an appeal to proceed prior to the determination of the amount of fees. To do so would be tantamount to permitting an appeal on liability before calculating damages, a course that is prohibited in the vast majority of cases. *See Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976).

The defendants maintain that the interests of efficiency support our jurisdiction because a ruling in their favor would obviate the necessity for further proceedings below. This argument, if accepted, would virtually abolish the limitations on appellate jurisdiction. It is true of a wide variety of district court orders that a prompt reversal would result in the termination of the case, but this does not alter their interlocutory character. On balance, and taking into account the effect of our decision on future cases, we think the interests of efficiency and wise judicial administration weigh in favor of remanding.

■ It has also been suggested that we have "pendent appellate jurisdiction" over the defendant's appeal since the plaintiffs' cross-appeal, challenging the denial of fees against the United States, is properly before us. But the argument assumes too much. Under Federal Rule 54(b), the cross-appeal is *not* properly before us because the order denying fees, while final as to that particular issue, does not terminate the litigation. *See* Fed.R.Civ.P. 54(b). Other matters—specifically, the amount of fees to be assessed against Handy and Wharton—remain unresolved. The doctrine of "pendent appellate jurisdiction" plainly does not apply when there is not

even one issue that is properly before the court. 16 Wright, Miller, & Cooper, *Federal Practice and Procedure* § 3937 (1977 & Supp.1986).

We agree with our sister circuit's analysis in *Fort v. Roadway Express, Inc.,* 746 F.2d 744 (11th Cir.1984). *Fort* was an employment discrimination case in which the district court, finding the plaintiff's claim groundless, ruled for the defendants and awarded them attorney's fees. Before the amount of fees was determined, the plaintiff appealed. On appeal, the plaintiff did not challenge the district court's decision on the merits but only its determination that he was liable for attorney's fees. Distinguishing *McQurter v. City of Atlanta,* 724 F.2d 881, 882 (11th Cir.1984), the case in which the Eleventh Circuit adopted the *Holmes* test, the court held that it lacked jurisdiction under 28 U.S.C. § 1291.

■ As the *Fort* court observed, the rule we adopt—that an order granting fees is not reviewable independent of the merits prior to the calculation of the amount of fees—furthers the most important objectives of the final judgment rule. First, it avoids piecemeal review by consolidating two potential appeals (one on entitlement to fees and another on amount) into one. Second, it avoids appeal of issues that might otherwise be mooted if allowed to proceed to final disposition in the district court. For if the fee award is low, the defendants may decide to forego an appeal; and if it is high, the parties may have an incentive to compromise rather than appeal. *Id.* at 748.

The considerations discussed in *Fort* are fully operative in this case and we find them controlling. We are not troubled by a further consideration raised by the plaintiffs in a letter brief submitted after oral argument. Noting that no settlement took place until after the notices of appeal were filed, they question whether jurisdiction that is properly invoked may be defeated by subsequent events such as settlement. We need not decide this question for we find that, even assuming we have *power* to decide the case, "orderly judicial administration" counsels a remand. *McKnight v.*

*Blanchard,* 667 F.2d 477, 481 (5th Cir. 1982); *Mercury Motor Express, Inc. v. Brinke,* 475 F.2d 1086, 1091 (5th Cir.1973).

Accordingly, we dismiss the appeals and remand to the district court for further proceedings consistent with this opinion.