**SIDAG AKTIENGESELLSCHAFT, a Corporation of Switzerland, et al., Plaintiffs-Appellants,**

v.

**SMOKED FOODS PRODUCTS COMPANY, INC., etc., et al., Defendants,**

**Ronald C. Cox and Sales U.S.A., Inc., Defendants-Appellees.**

**No. 86–4718**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 31, 1987.

Roger Clifford Clapp, Ringer, Clapp & Clark, Florence, Miss., Stephen Schnitzer, Livingston, N.J., for plaintiffs-appellants.

L. Dan Tucker, Hubbard, Thurman, Turner & Tucker, Dallas, Tex., for defendants-appellees.

Before CLARK, Chief Judge,
GARWOOD and HILL, Circuit Judges.

GARWOOD, Circuit Judge:

The present appeal presents the question of the propriety of the attorneys' fees awarded against plaintiffs-appellants Sidag Aktiengesellschaft and Sicilia di R. Biebow & Company (collectively "Sidag") in favor of defendants-appellees Ronald C. Cox and Sales U.S.A., Inc. (collectively "Sales") following our November 1985 affirmance of the dismissal in the court below of Sidag's suit against Sales and our affirmance in part and reversal and remand in part of the partial summary judgment in favor of the other defendants, Smoked Foods Products Company, Inc. ("Smoked Foods") and Marcus Cox. *Sidag Aktiengesellschaft v. Smoked Foods Products*, 776 F.2d 1270 (5th Cir.1985).

Sidag instituted this suit in the Southern District of Mississippi in November 1979. On July 28, 1982, in similar litigation pending in the United States District Court for the Northern District of Texas, judgment

was rendered in favor of Sales. That judgment was ultimately affirmed by this Court in May 1984. *Sicilia di R. Biebow & Co. v. Cox*, 732 F.2d 417 (5th Cir.1984). Following the judgment in favor of Sales by the United States District Court for the Northern District of Texas, Sales, on September 30, 1982, moved for partial summary judgment in the case below pending in the Southern District of Mississippi, relying on the doctrine of *res judicata* and collateral estoppel. On August 25, 1983, in the case below, the magistrate granted Sales' motion for partial summary judgment. However, plaintiff Sidag moved for reconsideration, and the magistrate allowed the taking of depositions, and took the matter under advisement after receiving briefs. By order dated September 19, 1984, the magistrate ordered that Sidag's suit against Sales be dismissed with prejudice and that Sidag "pay the expenses and attorneys' fees incurred by" Sales "in obtaining this Order of Dismissal and in continuing to defend against Plaintiffs' claims since July 28, 1982." This order further directed Sales to submit by affidavit an itemized list of its said costs, expenses, and attorneys' fees no later than thirty days following the entry of the order.

By order dated September 26, 1984, the magistrate directed entry of final judgment as follows:

"Pursuant to Fed.R.Civ.P. 54, the court now expressly determines that there is no just reason for delay and hereby directs entry of separate final judgment dismissing with prejudice all claims against Ronald C. Cox and Sales U.S.A., Inc. and awarding said dismissed parties costs and attorneys' fees against plaintiffs in accordance with the Order of Dismissal dated September 19, 1984; the court likewise directs entry of separate final judgment dismissing with prejudice plaintiffs' claims against Smoked Foods Products Company, Inc., and Marcus Cox under Count V. of the Amended Complaint herein."

In this order, the magistrate also found that "its above referenced orders pertaining to partial summary judgment involve a controlling question of law as to which there is substantial ground for difference of opinion" and that an immediate appeal would materially advance the ultimate termination of the litigation. The magistrate also directed that "application for appeal by any party pursuant to 28 USC Section 1292(b) shall stay all proceedings in this Court." The magistrate then ordered that all claims against Sales "are hereby finally dismissed with prejudice and that plaintiffs shall bear those parties' costs and reasonable attorneys' fees." Finally, the order also dismissed with prejudice the claims in Count V of Sidag's amended complaint against the other defendants, Smoked Foods and Marcus Cox (nothing was said about the attorneys' fees of these parties).

On October 9, 1984, plaintiff Sidag filed its notice of appeal to this Court. However, it does not appear that any attempt was made to apply to this Court (or the court below) for leave to appeal under 28 U.S.C. § 1292(b), or that this Court ever granted leave to appeal under that section.

On the prior appeal, we treated the case as being before us "based on a judgment certified pursuant to Fed.R.Civ.Proc. 54(b)." *Sidag*, 776 F.2d at 1273. We affirmed, based on *res judicata*, the dismissal of all claims against Sales. We also affirmed a portion of the dismissal of the claims made against the other defendants (Smoked Foods and Marcus Cox) in Count V of Sales' amended complaint, but reversed and remanded the case as to those other defendants with respect to other portions of Count V and with respect to Counts I through IV of Sidag's amended complaint so far as they were against the other mentioned defendants. *Id.* at 1276.

Thereafter, Sales filed in the district court its itemized costs, expenses, and attorneys' fees. Sidag then filed a motion for an evidentiary hearing on Sales' attorneys' fees and costs, and objections to them. Subsequently, the magistrate, by order dated August 28, 1986 and entered August 29, 1986, approved a portion of the attorneys' fees and expenses claimed by Sales, in various amounts totaling $27,365.32. On September 24, 1986, the magistrate entered an order denying Sidag's

above-mentioned motion for a hearing on Sales' attorneys' fees and its objection to Sales' fees. On September 25, 1986, Sidag filed its notice of appeal from the magistrate's orders of August 28, 1986 and September 24, 1986. No Fed.R.Civ.P. 58 judgment appears as to the attorneys' fees.

■ The docket sheet does not indicate any disposition of Sidag's remaining claims against the other defendants, Marcus Cox and Smoked Foods (nor were any attorneys' fees either awarded or denied to them). Nor does the record contain any certificate under Fed.R.Civ.P. 54(b). Therefore, the August 28, 1986 and September 24, 1986 orders are not final appealable judgments, and we have no jurisdiction of the appeal. *See Rodriguez v. Handy,* 802 F.2d 817, 821 (5th Cir.1986). This is a matter we must notice on our own motion. *Id.*

■ We observe that certification under Rule 54(b) is not the same as severance under Rule 21. *See United States v. O'Neil,* 709 F.2d 361, 368–69, 371 n. 10 (5th Cir.1983). An entire claim may be severed under Rule 21 *regardless* of whether any portion of it, or of other claims in the suit, has been determined. And the thus severed claim becomes an entirely separate suit or judicial unit, so that a final adjudication of it is appealable, notwithstanding that there remain unresolved claims pending in the original action from which the severance was granted and that no Rule 54(b) certificate has been issued. *Id.* By contrast, Rule 54(b) certification has no purpose other than to make *final* a given adjudication which would otherwise be non-final by reason of, but only by reason of, the continued presence in the same suit of other undisposed of claims or parties. Only a *fully adjudicated whole claim* against a party may be certified under Rule 54(b). *See Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976). Where a claim is wholly determined, it is nevertheless not appealable in the absence of a Rule 54(b) certificate if other claims which have not been wholly determined remain pending in the same suit. If a purported Rule 54(b) certification of a ruling respecting a claim is not authorized by that rule, the certification is wholly ineffective. *See Nettles v. General Accident Fire and Life Assurance Corp.,* 234 F.2d 243, 246–47 (5th Cir. 1956); *Acha v. Beame,* 570 F.2d 57, 62–63 (2d Cir.1978).

■ Here the magistrate's September 1984 Rule 54(b) certification purported to certify for appeal his ruling that Sidag was *liable* for Sales' attorneys' fees. The certification in respect to attorneys' fees was ineffective because the whole of Sales' claim against Sidag for attorneys' fees had not been adjudicated since the *amount* of recoverable fees remained undetermined (and, indeed, what the magistrate purportedly certified in this regard was not the whole attorneys' fees claim, but only the liability portion thereof). As noted, Rule 54(b) certification is unavailable and ineffective as to less than the whole of any one claim against a party. Accordingly, after the September 1984 certification, the entire attorneys' fees claim of Sales against Sidag remained pending in the district court. After our 1985 partial affirmance and partial reversal and remand there also remained pending in the district court the entirety of certain of the claims (alleged in Counts I through V) of Sidag against Smoked Foods and Marcus Cox, as well as the entirety of the attorneys' fees claim of Sales against Sidag. Just as an order then dismissing with prejudice all Sidag's claims against Marcus Cox only, but not touching any of Sidag's claims against Smoked Foods or Sales' attorneys' fees claim against Sidag, would not be appealable in the absence of a Rule 54(b) certificate, so also the 1986 order fixing the amount of Sales' attorneys' fees was not appealable without such a certificate.[1]

Accordingly, the appeal is DISMISSED.

---

1. In light of the possibility of a subsequent appeal, we note that the magistrate's orders do not contain any explanation, reasons, findings, or conclusions to reflect the basis on which he determined that Sidag was liable to Sales (and Ronald Cox) for attorneys' fees. This makes the merits of that determination virtually impossible to review. *See Koonce v. Quaker Safety*

*Products & Manufacturing Co.,* 798 F.2d 700, 714 n. 18 (5th Cir.1986), and cases cited therein. While the magistrate's September 19, 1984 order indicates that for purposes of attorneys' fees significance was attached to the date of July 28, 1982—which is the date the United States District Court for the Northern District of Texas rendered judgment against Sidag—nevertheless, the magistrate's September 26, 1984 order indicates that there was substantial ground for difference of opinion as to whether Sales was entitled to summary judgment. Sales asserts that the magistrate's orders of September 1984 determined its entitlement to attorneys' fees, and that this is the law of the case since it was not disturbed on the prior appeal. However, we note that the entitlement to attorneys' fees for a party defendant for resisting a plaintiff's claim—the situation here—will in all likelihood present an issue "collateral" to the merits. *See, e.g., Jackson Marine Corp. v. Harvey Barge Repair,* 794 F.2d 989 (5th Cir.1986) (attorneys' fees under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 are

collateral); *Southern Leasing Partners, Ltd. v. McMullan,* 801 F.2d 783 (5th Cir.1986) (same); *Bilmar Drilling, Inc. v. IFG Leasing Co.,* 795 F.2d 1194 (5th Cir.1986) (attorneys' fees under 28 U.S.C. § 2202 are collateral). Where attorneys' fees are collateral, an order determining that a party is entitled thereto but not fixing the amount thereof is not sufficiently final to be appealable. *Rodriguez v. Handy, supra.* Similarly, such an order may not be made appealable by certificate under Rule 54(b) because it does not entirely dispose of any single claim. *See Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976). Thus the September 1984 orders stating that Sales was entitled to attorneys' fees were not brought—and could not have been brought—to this Court by the prior appeal. We note in this connection that our prior opinion does not even reflect that the magistrate had ruled that Sales was entitled to attorneys' fees, much less address that determination in any way.