IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-1135

_____


SIDAG AKTIENGESELLSCHAFT and
SICILIA DI R. BIEBOW & COMPANY,

                                    Plaintiffs-Appellees,

                    versus

SMOKED FOODS PRODUCTS COMPANY, INC.
and MARCUS COX,

                                    Defendants,

RONALD C. COX and SALES, U.S.A.,
INC.,

                                    Defendants-Appellants.


- - - - - - - - - - - - -

Appeal from the United States District Court
for the Southern District of Mississippi


- - - - - - - - - - - - -

(August 12, 1992)


BEFORE POLITZ, Chief Judge, and REYNALDO G. GARZA and WIENER,
Circuit Judges.

BY THE COURT:


       The merits of the controversy between the parties to this case

was terminated years ago by a final, non-appealable executory

judgment.  But the case has refused to die, remaining among the "un-dead" of this Circuit through multiple appeals involving not the merits but attorneys' fees, costs and sanctions.[1]  Today we do all within our power to drive the stake of finality through its heart.

Even though among counsel the smoldering coals of dislike and resentment may well have been fanned from time to time by their several clients, we suspect that the attorneys themselves have long since replaced the original parties as the real adversaries here.[2] This kind of unproductive and costly bickering among lawyers--whose only legitimate role is to resolve objectively and civilly those controversies that the parties have proved unable to resolve on their own--justifiably subjects the legal profession as well as the civil justice system to public distrust, derision and criticism. But when counsel proceed to dump their own interpersonal squabbles in the lap of the court to referee, the judiciary is wont to add its criticism to that of the public.

This latest episode in the subject case--and, we insist, the final one--comprises the motion of L. Dan Tucker, Esq., asking that we sanction Roger C. Clapp, Esq. (now Chancellor Clapp) for including false and defamatory statements about Tucker in pleadings

---

[1]  See Sidaq I, 776 F.2d 1270 (5th Cir. 1985); Sidaq II, 813 F.2d 81 (5th Cir. 1987); Sidaq III, 854 F.2d 799 (5th Cir. 1988); and Sidaq IV, 960 F.2d 564.

[2]  Counsel for Plaintiffs-Appellees have already been reprimanded by the district court, and their clients have been assessed tens of thousands of dollars in trial and appellate costs and attorneys' fees for their unrelenting prolongation of this litigation.

filed herein by Clapp. And, albeit grudgingly and in words of minimization, Clapp has conceded to excesses and mischaracterizations in at least some of the language used to describe Tucker's professional practices and performance.

Finding those facts that are uncontroverted to be sanctionable but seeing no proof of actual damage to Tucker's professional reputation as a result of Clapp's conduct, we impose nominal sanctions for the unprofessional and potentially damaging comments admitted to by Clapp, in the amount of $1.00, payable by the check of Roger C. Clapp, to the order of "L. Dan Tucker, Attorney at Law," such check to reflect on its face or voucher that it is remitted by order of this court, rendered in this case, as sanctions for wrongly impugning the professional and ethical quality of the payee's representation of his clients before this court.

We now have seen and heard the attorneys in this case hurl far more hyperbolical invectives at one another than we expect or will countenance from those who practice before this court. We caution therefore all counsel involved that any acts henceforth taken in furtherance of this case, whether remotely or directly related to those with which we deal today, will not be met with so mild and gentle a judgment as the one we now render. To the contrary, instigator(s) will risk exposure to the full panoply of sanctions at our disposal. We trust that shall not prove necessary, our trust being grounded in the assumption that each such attorney is wise, so a word--or, more accurately in this instance, several

3

words--should be sufficient.

SO ORDERED.