# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

––––––––––

No. 14-30442
Summary Calendar

––––––––––

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2014

Lyle W. Cayce
Clerk

DAVID L. JUMP,

Plaintiff-Third Party Defendant - Appellant

v.

RORY S. McFARLAND, et al.,

Defendants

AMERICAN MILLING, L.P.,

Third Party Defendant - Appellant

v.

DENNIS JOSLIN COMPANY, L.L.C.,

Third Party Plaintiff - Appellee

––––––––––

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:01-CV-2039

––––––––––

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

No. 14-30442

PER CURIAM:*

In this action, we must decide whether the district court properly certified two orders as final pursuant to Federal Rule of Civil Procedure 54(b). We conclude it did not and dismiss this appeal without prejudice for lack of appellate jurisdiction.

I.

For over twenty years David Jump ("Jump") and Dennis Joslin ("Joslin") have sparred in various federal courts over the proceeds from an offshore oil and gas lease, termed OCS-310. In 2008, another panel of our court summarized the action to date:

> This dispute has a long and complicated history. For our purposes, however, we need only the basic facts. David Jump and Dennis Joslin have each at various times asserted their alleged rights as priority lien holders to property interests of Rory McFarland. Jump's claims are based on a 1991 judgment against McFarland from the United States District Court for the Western District of Colorado, which Jump subsequently registered in the Western District of Louisiana. Pursuant to his 1991 judgment, Jump collected proceeds attributable to McFarland's interest in an offshore oil and gas lease, OCS–310. Jump later purchased McFarland's interest in OCS–310 pursuant to a seizure and sale in execution of his judgment.
>
> Joslin's claims, on the other hand, are based on a 1984 mortgage and assignment from McFarland of certain onshore oil and gas leases, and on a 1993 judgment against McFarland from the Western District of Louisiana. Pursuant to the 1984 mortgage, Joslin sought to foreclose on McFarland's interests in the onshore oil and gas leases. Jump intervened and objected to the foreclosure and sale, arguing that his 1991 judgement primed Joslin's 1984 mortgage because the mortgage had been reinscribed after the requisite 10–year period under Louisiana law. On appeal, this

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

court held in *FDIC* v. *McFarland* (*McFarland II*) that Jump's 1991 judgment could not prime Joslin's 1984 mortgage because Jump's registered judgment in Louisiana was based on a non-final Colorado judgment and was therefore premature.

After *McFarland II*, Joslin filed a third-party complaint to annul the Marshal's sale of OCS–310 to Jump. He argued that *McFarland II* held that Jump's 1991 judicial lien on OCS–310 is invalid, and that therefore his 1993 judgement against McFarland is the only valid lien on OCS–310. Joslin claimed that he is entitled to an unraveling of the Marshal's sale as well as disgorgement of any proceeds attributable to McFarland's interest in OCS–310 that had been previously distributed to Jump. Joslin filed a motion for partial summary judgment declaring the 1996 Marshal's sale to be a nullity, and the district court granted the motion in 2003 (the "2003 order"). In 2004, the district court issued another order (the "2004 order") directing the proceeds attributable to McFarland's and Jump's interests in OCS–310 to be deposited with the Clerk of the Court, who is to withhold distribution of the funds until further order. On motions from the parties, the court certified both the 2003 and 2004 orders as final pursuant to [Federal Rule of Civil Procedure] 54(b).[1]

Jump appealed, arguing that our court lacked appellate jurisdiction because the 2003 and 2004 orders were improperly certified. We agreed. We recognized that Joslin, in his complaint, had alleged that the sale of OCS-310 to Jump was null and void, and as such "requested an unravelling of the sale, as well as disgorgement of any proceeds Jump had already collected."[2] The 2003 and 2004 orders, however, only addressed Joslin's request that the OCS-310 sale be voided, it did not address the disgorgement of any proceeds from Jump.[3] Because only a "fully adjudicated whole claim" could be certified under Rule 54(b),[4] we concluded that the 2003 and 2004 orders, which only addressed

---

[1] *F.D.I.C.* v. *McFarland*, No. 05-30377, 2008 WL 162882 (5th Cir. Jan. 16, 2008).

[2] *Id.* at *2

[3] *Id.*

[4] *Id.* (quoting *Sidag Aktiengesellschaft* v. *Smoked Foods Prods. Co., Inc.*, 813 F.2d 81, 84 (5th Cir. 1987)).

No. 14-30442

part of Joslin's claim, were improperly certified, and we dismissed the appeal for lack of jurisdiction.[5]

On June 12, 2013, Joslin amended its complaint.  In response to our court's 2008 opinion, it deleted the original prayer for relief requiring Jump to "return to the registry of the court all sums which they have received pursuant to and as a result of, disbursements from the property."[6]  It also added a new prayer for relief requiring that "all of the moneys accumulated and to be accumulated in the court clerk's account related to OCS Lease 310 be distributed to [Joslin]."[7]  Joslin then moved to recertify the 2003 and 2004 orders as final judgments pursuant to Rule 54(b).[8]

The district court granted the motion, concluding that the additional prayer for relief is not a "new *claim* for relief."[9]  It also held that, in any event, the "issue was addressed in the 2004 order," which had declared that Joslin was the only individual with any lien on the "runs or minerals of federal lease OCS-320."[10]  Jump appeals the certification of the 2003 and 2004 orders.

## II.

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the

---

[5] *Id.* at *2-3.

[6] R. 1229.

[7] *Id.* at 1240.

[8] *Id.* at 1224.

[9] *See Jump* v. *McFarland*, No. 01-2039, 2014 WL 1347115, at *2 (W.D. La. Apr. 4, 2014).

[10] *Id.*

4

court expressly determines that there is no just reason for delay."[11]   As discussed earlier, a claim must be "wholly determined" to be certified,[12] by which "the judgment must ultimately dispose of an individual claim."[13]  We review a district court's certification decision for abuse of discretion.[14]

Here, Joslin's amended complaint requests an unravelling of the sale of OCS-310 as well as, pending amendment, the distribution of all funds related to that lease and held in the court clerk's account to Joslin.  Neither the 2003 order, which addressed the interest in the lease, nor the 2004 order, which decreed that Joslin was the only party to have a lien on the OCS-310 lease and ordered that Chevron U.S.A., Inc. ("Chevron"), a third-party, deposit the current and future proceeds of the lease into court clerk's account, directly addressed the question of *disbursement* of proceeds.  Nor did the district court do so via its 2014 order, which re-certified – but did not amend – the original 2003 and 2004 orders dictate the disbursement of the lease funds.  As a result, we are essentially in the same position as in 2008, where: "[t]he 2003 order addressed part of Joslin's claim by declaring that the sale of COS-310 was null and void.  But the order did not address Joslin's request for disgorgement.  In other words, the 2003 order did not dispose of the entirety of Joslin's claim, because it did not address Joslin's request for the recovery of the funds allegedly improperly distributed to Jump."[15]  Here, the district court has yet to

---

[11] Fed. R. Civ. P. 54(b).

[12] *Sidag Aktiengesellschaft* v. *Smoked Foods Prods. Co., Inc.*, 813 F.2d 81, 84 (5th Cir. 1987).

[13] *Griffin* v. *Plaza Mortg. Co., Inc.*, 254 F.3d 1082, at *2 (5th Cir. 2001) (unpublished).

[14] *PYCA Indus. Inc.* v. *Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

[15] *McFarland*, 2008 WL 162882, at *2.

address Joslin's request for *disbursement* of funds, and Joslin's claim is incomplete.[16]

Even were we to construe the 2003 and 2004 orders as completely disposing of Joslin's claim, Rule 54(b) certification would be inappropriate. Here, as the district court noted in a separate order, there are at least eight interpleaded defendants who claim proceeds from the lease under various legal theories.[17]   Moreover, the district court had previously ordered that "the Clerk of Court shall deduct and disburse to Chevron from the funds deposited in the registry to the Court, and prior to the disbursement of the funds to this prevailing party or parties in this action, such attorney fees and costs, if any, awarded by this Court to Chevron in response to its motion [for appropriate attorney fees and costs]."[18]   This order would conflict with a ruling that funds from that account be distributed exclusively to Joslin.   We have previously held that certification of a Rule 54(b) motion is inappropriate where it might prejudice a party, or where it fails to "take into account judicial administrative interests."[19]   Here, both concerns counsel against certification.

Accordingly, we GRANT Jump's motion and dismiss this appeal without prejudice for lack of jurisdiction.[20]

---

[16] In its order, the district court states that disbursement was addressed in the 2004 order.   This is incorrect: that order specifically *declines* to address disbursement, ordering that "[i]t is further ordered that the Clerk of Court withhold distribution of any funds described above until further order of this court.   An order from this court addressing distribution of funds shall not issue until all applicable appeal delays have run and no appeals have been taken."   R. 871.

[17] R. 994.

[18] *Id.* at 994-95.

[19] *See McFarland*, 2008 WL 162882, at *2.

[20] Joslin also argues that this appeal is final under 28 U.S.C. § 1291.   Given the continued presence of third-party interpleaders, some of whom may be entitled to proceeds from either the lease or the proceeds therefrom, we cannot agree.

No. 14-30442

III.

Also pending is a motion by Rory McFarland to join this appeal as an appellee. We DENY this motion as moot.