### In re CHICAGO RYS. CO.

### BALLARINI v. CHICAGO TRANSIT AUTHORITY.

#### No. 9339.

Circuit Court of Appeals, Seventh Circuit.

May 18, 1948.

66

Samuel A. Rinella, and Myer N. Rosengard, both of Chicago, Ill., for appellants.

Werner W. Schroeder, and James E. Hastings, both of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and STONE, District Judge.

MINTON, Circuit Judge.

We are asked to pass upon the validity of an ordinance of the City of Chicago which authorized the trustees of the Chicago Railway Company to construct a car track in Van Buren Street west of Kedzie Avenue. The petitioners-appellants, who own frontage on the south side of Van Buren Street, contended that the ordinance was invalid because the petition on which it was based was signed only by the trustees of the Railway Company and that the track in the street was unauthorized and constituted a public nuisance which affected the petitioners in a manner different than the public in general. Such claimed invalidity of the ordinance was the sole basis of the petition and trial below and of the petitioners' contention here. The District Court upheld the ordinance and found against the petitioners.

While the appeal was pending on its way to a hearing and decision by this Court, the ordinance expired by its own terms. We therefore are asked to pass upon the validity of an ordinance that no longer exists. If we declare the ordinance void, our decision cannot make it more defunct than it is. If we decide it is valid, we cannot breathe any life into it after it has become defunct by its own terms. Our decision as to the validity or invalidity of the ordinance cannot change the situation any. The issue is moot here.

Since the issue became moot while this appeal was pending and the petitioners through no fault of their own have had no chance to appeal the decision, the judgment of the District Court will be reversed and the cause remanded thereto with directions to dismiss the petition without prejudice and without costs. Montgomery Ward & Co. v. United States, 326 U.S. 690, 66 S.Ct. 140, 90 L.Ed. 406; Commercial Cable Company v. Burleson, 250 U.S. 360, 39 S.Ct. 512, 63 L.Ed. 1030; United States v. Hamburg-American Co., 239 U.S. 466, 36 S.Ct. 212, 60 L.Ed. 387. It is so ordered.