Earnest BACH and Robert Pryor, Plaintiffs-Appellants,

v.

Joseph S. COUGHLIN et al., Defendants-Appellees.

No. 73–2094.

United States Court of Appeals, Seventh Circuit.

Heard Sept. 27, 1974.

Decided Dec. 20, 1974.

304

Frank S. Merritt, Joseph J. Putnick, Chicago, Ill., for plaintiffs-appellants.

William J. Scott, Atty. Gen., Melbourne A. Noel, Jr., Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before HASTIE, Senior Circuit Judge,* and PELL and TONE, Circuit Judges.

PER CURIAM.

This is an appeal from a District Court's dismissal of a *pro se* complaint under the Civil Rights Act, 42 U.S.C. § 1983, for failure to state a claim upon which relief can be granted. Plaintiffs, Bell, Bach and Pryor, were all incarcerated in the Stateville Branch of the Illinois Department of Corrections on June 12, 1973, the date the complaint was filed. The defendants are directors and officials of the Illinois Department of Corrections.

* Senior United States Circuit Judge William H. Hastie of the United States Court of Appeals for the Third Circuit is sitting by designation.

The complaint, purportedly filed on behalf of a class consisting of all inmates under defendants' jurisdiction, alleges that defendants deprived plaintiffs of their civil rights by denying them access to courts and legislative bodies through a postage regulation, by refusing to let them meet with other prisoners concerning pending cases and by denying them access to the prison law library during an institutional lockup. The complaint seeks declaratory and injunctive relief, costs, and such further relief as is necessary to assure that the plaintiffs "are afforded constitutionally required legal and legislative redress."

On September 25, 1973, the District Court dismissed the complaint. In the part of the opinion that dealt with plaintiffs' claim concerning the postage regulation, the District Court concluded that Administrative Regulation 824 of Illinois Department of Corrections, Adult Division was reasonable. Plaintiff Bach, on October 5, 1973, moved to have the judgment vacated "as to Count I." Although the complaint was not divided into counts, the plaintiffs adopted the numbering system used by the District Court in its opinion, where the postal regulation was discussed under Roman number one. The motion to vacate was based on the court's erroneous consideration of Regulation 824 before it was revised. On November 8, 1973, the District Court vacated its judgment "as to Count I," considered plaintiffs' complaint under revised Regulation 824, and dismissed the count for failure to state a claim upon which relief can be granted. Only plaintiffs Bach and Pryor appealed from the District Court's judgment.

The court did not rule on whether the action should proceed as a class action, and since the class allegations were not mentioned in the briefs and arguments here, we consider them abandoned.

## I

During the pendency of this appeal, an event took place which both appellant Bach and appellees concede may moot the case as to Bach. On August 27, 1974, Bach was granted parole, and on September 12, 1974, he was released to Wisconsin authorities for delivery to Wisconsin State Prison. Since the relief sought in the complaint is prospective, no damages for past wrongs being sought, there is no longer any live controversy between Bach and the defendants.

The recent Seventh Circuit decision in Morales v. Schmidt, 489 F.2d 1335 (7th Cir. 1973), aff'd in banc, 494 F.2d 85 (7th Cir. 1974), is inapplicable. There the District Court had granted the prisoner a preliminary injunction enjoining the supervisor of prisons from preventing the prisoner from communicating with his sister-in-law. Morales v. Schmidt, 340 F.Supp. 544 (W.D.Wis.1972). On appeal, this court held the release of the prisoner on parole did not moot his request for injunctive relief for two reasons. First, the supervisor of prisons still retained legal custody of the paroled prisoner and permitted him to communicate with his sister-in-law only because he was compelled to do so by the injunction. 489 F.2d at 1336. In the present case, in contrast, Bach will receive no benefit from any relief this court might grant, since it would apply only to those still within the Illinois penal system. The second reason the Morales court relied upon, the possibility that the prisoner might violate the terms of his parole and be returned to the same prison system (id.), although present, is less compelling. The likelihood that Bach could both violate the terms of his parole and be returned to the Illinois Corrections System is slim, since he is presently incarcerated elsewhere.

We conclude that there is no longer any concrete controversy touching the legal relationship between the defendants and Bach. See North Carolina v. Rice, 404 U.S. 244, 246–248, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239–241, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Since Bach no longer possesses any legally cognizable interest in the outcome of this appeal, his controversy with the defendants is moot. See Powell v. McCormack, 395 U.S. 486, 495–500, 89 S.Ct. 1944, 23

L.Ed.2d 491 (1969). We, therefore, vacate the portion of the order that relates to Bach and remand his action to the District Court with instructions to dismiss it as moot. See Schoop v. Mitchell, 143 U.S.App.D.C. 405, 444 F.2d 863 (1971), cert. denied, 402 U.S. 988, 91 S.Ct. 1663, 29 L.Ed.2d 154 (1971); Todd v. Joint Apprenticeship Committee, 332 F.2d 243 (7th Cir. 1964), cert. denied, 380 U.S. 914, 85 S.Ct. 880, 13 L.Ed.2d 800 (1965); In re Chicago Rys., 168 F.2d 65 (7th Cir. 1948).

## II

■ The only remaining plaintiff is Pryor. The Notice of Appeal and Motion for Leave to Proceed in Forma Pauperis, filed on November 26, 1974, was signed by both Bach and Pryor. Pryor, however, took no further action in the prosecution of the appeal. It appears that he relied on his fellow prisoner to insure that the appeal was properly briefed and argued. Since the record indicates that Pryor is still a prisoner at Stateville, a live and concrete controversy still exists between him and the defendants. Because Pryor's and Bach's interests were the same at the time this appeal was commenced and since Pryor relied on Bach to pursue the appeal, we attribute the efforts Bach made on behalf of both of them to Pryor's case on appeal.

## III

■ This court must determine what issues have been preserved for appeal. In so doing we are bound by Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), reh. denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972), to liberally construe the notice of appeal since it is a *pro se* prisoners' petition.

The notice of appeal is specifically limited to "Count I" of the complaint, which the District Court in its memorandum opinions considered only to relate to the postage regulation, and not to the other allegations of the complaint. Appellants, both in their motion to vacate and in their notice of appeal, adopted the District Court's terminology and limited their motion and notice to "Count I." Furthermore, in a letter to the Chief Judge of this Circuit, dated December 28, 1973, Bach indicated that the decision to appeal only "Count I" was intentionally made because the chance that an appeal taken on the other issues would succeed was slight. The letter further asked whether the appeal could be amended to include the other issues even though the 30-day period to file a timely notice had already elapsed. F.R.App.P. 4(a).

■ It is urged on behalf of Pryor that the liberal construction of his notice of appeal required by Haines v. Kerner, *supra*, means that all issues have been preserved for appeal, or, alternatively, that the letter of December 28, 1973 should be taken to amend his notice of appeal. Neither theory is supportable. First, the rationale of Haines v. Kerner is to prevent inartfully drawn pleadings from being dismissed. 404 U.S. at 520–521, 92 S.Ct. 594. Here, the notice of appeal, modelled after the form in the Appendix to the Federal Rules of Appellate Procedure, is properly drawn and unambiguous. In conformity with Rule 3(c) of the Federal Rules of Appellate Procedure, it indicates the part of the judgment appealed from—only "Count I." That this was a deliberate limitation and not inadvertent is clear from the acknowledgment of that fact in the letter of December 28, on which Pryor alternatively relies as an amendment to the notice of appeal.

■ Pryor's alternative argument, that the letter of December 28, 1973 should be taken to amend the notice of appeal must also fail. The cases Pryor cites for this proposition are not controlling. Courts of Appeals have permitted notices of appeal to be amended where the notice contained a technical error (e. g., United States v. Calandra, 455 F.2d 750, 753 (6th Cir. 1972), rev'd on other grounds, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); In re Wyse, 340 F.2d 719, 725 (6th Cir. 1965)) or a misdescription (e. g., Preble v. Johnson, 275 F.2d

275, 277 (10th Cir. 1960)). Where however, as in this case, a party intentionally does not appeal a part of judgment, he cannot, after the time for filing has elapsed, change his mind and appeal from that part of the judgment. See Ruckman and Hansen, Inc. v. Contracting & Material Co., 328 F.2d 744, 749 (7th Cir. 1964); Donovan v. Esso Shipping Co., 259 F.2d 65, 68 (3rd Cir. 1958), cert. denied, 359 U.S. 907, 79 S.Ct. 583, 3 L.Ed.2d 572 (1959).

We therefore hold that only the part of the District Court's judgment concerning the postal regulation is before us and that the issues of use of the prison library and denial of consultation between prisoners were not appealed.

## IV

The gravamen of appellant's appeal is that the prison postage regulation denies prisoners their constitutional right of access to courts and legislative bodies. When the complaint was originally filed, revised Regulation 824 was in effect. It provided free and unlimited postage for correspondence with federal and state courts and the Department of Corrections. This correspondence, as well as any to legislative officials or attorneys, is privileged, i. e., the envelope may be sealed by the prisoner and the contents are kept confidential. It, additionally, provided each prisoner with the right to send three one-ounce letters a week to any proper correspondent without having these letters read or approved by the institution. These three letters may not be cumulated from week to week, nor may the three ounces be aggregated. The regulation also provided for sending letters at the institution's expense if the letter was a special letter and was read and approved by the institution. Finally, prisoners could send an unlimited number of letters at their own expense. The appellant contends that these regulations are too restrictive because the institution does not provide postage for serving pleadings on opposing counsel or writing letters to one's own counsel where the correspondence exceeds one ounce and the prisoner wishes to keep it

confidential or where the prisoner has already sent three one-ounce letters in a given week.

During the pendency of this case, the postage regulations of the correctional system were changed. Regulation 823, which is presently in effect, provides basically for the same mailing privileges as does former revised Regulation 824, with one exception. A prisoner may now send at institution expense without regard to the one-ounce limitation, correspondence to the Illinois Attorney General. Since the relief sought in this action is prospective only, we consider any contention that prisoners are denied access to court by their inability to correspond freely with the Illinois Attorney General to be moot under the new regulation. Cf. Rolfe v. County Board of Education, 282 F.Supp. 192, 201–202 (E.D.Tenn. 1966), aff'd, 391 F.2d 77 (6th Cir. 1968). See also the cases cited in Part I, above.

Finally, we turn to the merits of claim that the postage regulation currently in effect violates Pryor's right to access to the courts and the legislature. In reviewing the District Court's dismissal of the complaint for failure to state a claim upon which relief can be granted, we apply the liberal construction rule to the pro se complaint as required by Haines v. Kerner, supra, 404 U.S. 519, 92 S.Ct. 594. We agree with the District Court that the regulations do not deny prisoners access to the courts or legislature and affirm that court's determination.

■ Although a prisoner has the right of access to the courts and legislature, Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); Palmigiano v. Travisono, 317 F.Supp. 776 (D.R.I. 1970), which necessarily includes the right to use the mails, he does not have a right to unlimited free postage. See Thomas v. Pate, 493 F.2d 151, 161–162 (7th Cir. 1974), vacated on other grounds sub nom., Cannon v. Thomas, 419 U.S. 813, 95 S.Ct. 288, 42 L.Ed.2d 39 (1974). The regulations used by the Department of Corrections are a reasonable attempt to balance the right of pris-

308

oners to use the mails with prison budgetary considerations.

Prisoners' rights to access to both judicial and legislative forums by means of privileged communications are protected and guaranteed by Regulation 823. The institution pays the postage for all communications to judicial forums and for three letters a week to legislative officials. It is the ancillary right of communicating with their own and opposing counsel in judicial proceedings that Pryor alleges is improperly limited by the postage regulation. Regulation 823, however, provides for privileged communications to and from attorneys. A prisoner may send unlimited communications to attorneys at his own expense. He may also send, at state expense, three one-ounce communications to attorneys each week. This is a reasonable numerical limitation. See Jones v. Wittenberg, 330 F.Supp. 707, 719 (N.D.Ohio 1971), aff'd sub nom., Jones v. Metzger, 456 F.2d 854 (6th Cir. 1972) (five free letters a week is a reasonable limitation). In addition, a prisoner can seek a special letter designation and have correspondence sent at state expense provided he permits the institution to read it and it weighs one ounce or less.

The appellant has not indicated how his access to the courts or legislature has been infringed upon or how any judicial proceeding he is involved in has been prejudiced by the regulation. The allegations of the complaint, read in obedience to the rule of Haines v. Kerner, do not state a claim upon which relief can be granted.

The dismissal of Pryor's action for failure to state a claim upon which relief can be granted is affirmed. As to Bach, the judgment is vacated and the action is remanded to the District Court with instructions to dismiss his action as moot.

Affirmed in part. Vacated and remanded with instructions in part.