788 F.2d 1341
 104 Lab.Cas. P 11,958, 5 Fed.R.Serv.3d 916
 Gaylord W. GATES, Appellant,
v.
CENTRAL STATES TEAMSTERS PENSION FUND, Frank Fitzsimmons,
Chairman, Deceased, Frederick D. Kraemer, Trustee; North
Dakota Teamsters Local # 116, Frederick D. Kraemer,
Chairman; Elsie Schlonser; Fred Schlonser, Sr.; Clifford
Thomalo; David Rockefeller, Chairman, Rockefeller
Foundation, Raymond Lamb, Attorney; Allen I. Olson,
Attorney General for the State of North Dakota; Judge John
O. Garaas, Sr.; Jonathan Garaas, Attorney, Judge Michael
McGuire, Board of Directors, Dakota National Bank, Fargo,
North Dakota; Board of Directors, Union State Bank, Fargo,
North Dakota, Duane Breitling, Attorney; Board of
Directors, West Acres Development Company, Fargo, North
Dakota; William Schlossman, Sr.; Arly Richau, Attorney,
Securities Commissioner for North Dakota; Peter Quist,
Attorney, Securities Commissioner for North Dakota; Dale
Sandstrom, Attorney, Securities Commissioner for North
Dakota; Joan Weiner, Assistant Attorney General for
Securities Commissioner for North Dakota, et al., Associated
parties, Appellees.
 No. 85-5203.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 11, 1986.
Decided April 17, 1986.
 
 Gaylord Gates, pro se.
 Vince Ficek, Dickinson, N.D., for appellees C. Thomalo & F.J. Nelson, et al.
 Kermit Edward Bye, Fargo, N.D., for appellees J.O. Garaas, Sr. & M. McGuire.
 Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Gaylord W. Gates appeals pro se from a final order entered in the District Court[1] for the District of North Dakota awarding attorney's fees and costs, but without determining the amount of the fees and costs, in favor of appellees as a sanction for violation of Fed.R.Civ.P. 11. Gates v. Central States Teamsters Pension Fund, Civ. No. A1-85-16, slip op. at 4-5 (D.N.D. May 29, 1985) (dismissal order). For the reasons discussed below, we dismiss the appeal without prejudice as premature.
 
 
 2
 On January 29, 1985, appellant filed a pro se complaint alleging that numerous defendants, including private citizens, FBI agents, local bankers, local Teamsters union officers, state government officials, state prosecutors, and state judges, were engaged in an on-going conspiracy and had committed substantive offenses in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961 et seq., federal antitrust laws, and other federal and state laws. The complaint was over forty pages long and included several attachments. The averments contained in the complaint were complex, confusing and rambling.
 
 
 3
 On February 15, 1985, appellant filed a document captioned "First Amended Complaint." The document was an amendment to the original complaint, not a complete amended complaint. The caption of the complaint did not name each person whom appellant had served with a summons and complaint as required by Fed.R.Civ.P. 10(a). In addition, some of the individuals listed in the caption as defendants were not named in the complaint. On February 22, 1985, the district court ordered appellant to file an amended complaint within twenty days and to list all the parties in the caption. Gates v. Central States Teamsters Pension Fund, Civ. No. A1-85-16, slip op. at 2 (D.N.D. Feb. 22, 1985) (amendment order). Appellant did not comply with the February 22 order.
 
 
 4
 On May 29, 1985, the district court dismissed the complaint without prejudice because appellant failed to comply with the February 22 order. Dismissal order at 1, 5. The district court also found that the complaint did not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed.R.Civ.P. 8(a), id. at 1, 4, and that each averment was not "simple, concise or direct" as required by Fed.R.Civ.P. 8(e), id. at 2, 4.
 
 
 5
 In addition, the district court determined that the complaint was not well grounded in fact and warranted by existing law and that it had been filed for an improper purpose in violation of Fed.R.Civ.P. 11 and awarded attorney's fees and costs as a sanction in favor of appellees. Id. at 4-5. The district court directed appellees to submit affidavits of proof of their attorney's fees and costs within twenty days. The district court has not yet awarded a specific amount of attorney's fees and costs.
 
 
 6
 On June 13, 1985, appellant filed a notice of appeal, specifying that he sought to appeal from the district court's award of attorney's fees and costs in favor of appellees as a sanction for violation of Fed.R.Civ.P. 11. The notice of appeal did not include the dismissal of the complaint.[2] We have construed the notice of appeal liberally because appellant is proceeding pro se. The only issue which has been raised in this appeal is the award of attorney's fees and costs because appellant specifically limited the notice of appeal to the Rule 11 sanction issue only. See Bach v. Coughlin, 508 F.2d 303, 306 (7th Cir.1974) (per curiam) (pro se appellant can restrict issues raised by filing limited notice of appeal).
 
 
 7
 "[A] claim for attorney's fees should be treated as a matter collateral to and independent of the merits of the litigation.... The district court's order on the claim for attorney's fees is separably appealable as a final judgment...." Obin v. District No. 9, International Ass'n of Machinists, 651 F.2d 574, 583, 584 (8th Cir.1981) (attorney's fees and costs awarded to employer and union in employment discrimination case). However, an order awarding attorney's fees without determining the amount of that award is not an order which "leaves nothing for the court to do but execute upon the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). We hold that the May 29 order finding appellant liable for attorney's fees and costs but without determining the specific amount of that award is not a final and appealable order. See Morgan v. Union Metal Manufacturing, 757 F.2d 792, 795 (6th Cir.1985); Fort v. Roadway Express, Inc., 746 F.2d 744, 747-48 (11th Cir.1984); Crowley v. Shultz, 227 U.S.App.D.C. 140, 704 F.2d 1269, 1272 (1983); see also Taylor v. Teletype Corp., 648 F.2d 1129, 1140 (8th Cir.) (award of attorney's fees not final because total amount cannot be fixed until claims of all individual class members have been decided following remand), cert. denied, 454 U.S. 969, 102 S.Ct. 515, 70 L.Ed.2d 386 (1981); cf. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206-07, 47 L.Ed.2d 435 (1976) (damages); Mekdeci v. Merrell National Laboratories, 711 F.2d 1510, 1523 (11th Cir.1983) (costs). Compare Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 826 (7th Cir.1984) (court had jurisdiction over dismissal on the merits and reviewed order assessing liability for attorney's fees under ERISA but no specific amount as "in the interest of orderly judicial administration"), with Hershinow v. Bonamarte, 735 F.2d 264, 267 (7th Cir.1984) (although lack of fixed amount of attorney's fees will not bar appeal, court decided to wait until district court fixed amount and dismissed appeal of attorney's fees award without prejudice).
 
 
 8
 Accordingly, the appeal is dismissed without prejudice as premature. Appellant may refile the appeal of the award of attorney's fees and costs[3] imposed as a sanction for violation of Fed.R.Civ.P. 11, without paying an additional filing fee, after the district court awards a specific amount of attorney's fees and costs.
 
 
 
 [1]
 The Honorable Bruce M. Van Sickle, United States Senior District Judge for the District of North Dakota
 
 
 [2]
 The district court's May 29 order dismissed the complaint without prejudice expressly for appellant's failure to comply with the February 22 order. Although the order dismissed the complaint and not the action, the district court clearly intended the May 29 order to dispose of the action. Under these circumstances, we believe the dismissal of the complaint was a final and appealable order. See Allen v. Veterans Admin., 749 F.2d 1386, 1388 (9th Cir.1984); Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984); cf. Drake v. Southwestern Bell Tel. Co., 553 F.2d 1185, 1186 (8th Cir.1977) (dismissal for want of prosecution, with or without prejudice, terminates action and constitutes a final and appealable order)
 
 
 [3]
 As noted above, the notice of appeal did not include the dismissal on the merits. In addition, the time for appealing the dismissal on the merits has since expired
 ... When a final judgment on the merits has been entered in an action in which a claim for attorney's fees remains pending, the time for appeal on the merits runs from the entry of judgment. Subsequent consideration by the district court of the attorney's fees claim does not toll the time for appealing the judgment on the merits.
 Obin v. District No. 9, Int'l Ass'n of Machinists, 651 F.2d 574, 584 (8th Cir.1981).