819 F.2d 1138
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Adam KLIMEK, Appellant,
v.
Donald R. HUNTER, Prince George Sheriff's Department; John
F. Atwood, Sheriff, Prince George County; Ernest W. Wagner,
Jr.; H. Martin Robertson; Edward W. Epps; Honorable James
F. D'Alton, Judge, District Court, City of Petersburg;
Honorable Sidney Barney, Commonwealth's Attorney, City of
Petersburg; Honorable Oliver A. Pillard, Jr., Judge,
Circuit Court, City of Petersburg; Honorable Carolyn T.
Hollimon, Magistrate, City of Petersburg; Honorable W.W.
Cato, Magistrate, City of Petersburg; Honorable Paul V.
Imboden, Magistrate, City of Petersburg; Honorable John
Ridley, Magistrate, City of Petersburg; Honorable William
Gilbert, Chief Magistrate, City of Petersburg; Honorable
Harvie L. Fowlkes, Jr., Clerk, Petersburg District Court;
Honorable James B. Wilkinson, Substitute Judge, Circuit
Court, Petersburg, Virginia; City of Petersburg; County of
Prince George; Ernest F. Wagner, Sr.; Commonwealth of
Virginia, Appellees.
 No. 86-2519.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 19, 1986.
Decided May 26, 1987.
 
 Before PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 Adam Klimek, appellant pro se.
 James W. Hopper, Gardner, Moss & Hopper; Linwood T. Wells, Jr., Office of the Attorney General of Virginia; Michael W. Smith and David C. Kohler, Esquire, Christian, Barton, Epps, Brent & Chappell, for appellees.
 PER CURIAM:
 
 
 1
 Adam Klimek appeals from a sua sponte order of the United States District Court for the Eastern District of Virginia, Richmond Division, enjoining him from filing any further actions in that court absent sworn certificates by Klimek that he believes he is entitled to relief against each person sued, and that allegations of fact in the contemplated action are true. He also appeals from the district court's disposition of certain motions filed concurrently with the notice of appeal. The district court's injunction was designed to restrain a stream of litigation, initiated by Klimek, which the district court perceived to be vexatious and frivolous. Because the district court entered the injunction order without giving notice to Klimek and affording him an opportunity to be heard, we are constrained to vacate in part. We remand so that the district court may conduct such a hearing. We affirm in other respects.
 
 
 2
 Before considering the propriety of the injunction, it is necessary to review the proceedings which brought the issue before this Court. The district court issued the injunction after Klimek had filed ten separate actions in the Eastern District. Before issuing the injunction, the district court reviewed the status of the ten actions. The first action was Klimek v. Bolger, Civil Action No. 81-0731-R, in which Klimek alleged that the U.S. Postal Service had unlawfully terminated mail service to his home. The district court dismissed the action with prejudice for failure to prosecute, failure to follow court orders, and failure to exhaust administrative remedies. An appeal was subsequently dismissed for want of prosecution. No. 82-1375 (4th Cir., Aug. 26, 1982). In 1983 Klimek filed another action, again styled Klimek v. Bolger, Civil Action No. 83-0139-A-R. This action concerned the same events as the original action of the same name. It was dismissed for failure to pay appropriate filing fees. An appeal was again dismissed for want of prosecution. No. 83-1444 (4th Cir., July 14, 1983).
 
 
 3
 In 1985 Klimek filed a petition for writ of habeas corpus, styled Klimek v. Hartman, Civil Action No. 85-0376-R. The action sought to overturn Klimek's convictions for resisting arrest, destroying personal property, and brandishing a firearm. The district court dismissed the petition because of Klimek's failure, upon request, to particularize his conclusory allegations.
 
 
 4
 In 1985 Klimek also filed an action styled Klimek v. Dickens, Civil Action No. 85-0446-R, which alleged that his constitutional rights were violated when an off-duty police officer assaulted him. This action was dismissed for failure to comply with the Federal Rules of Civil Procedure. Before the district court when it issued the injunction was Klimek's motion for reconsideration in that action.
 
 
 5
 Also before the district court were six open cases. The first was Klimek v. Hunter, Civil Action No. 85-0375-R, an action which the district court termed to be "virtually identical" to Klimek v. Dickens. Before the district court were two actions which alleged that the Norfolk and Western Railway Co. allowed two other defendants wrongful access across Klimek's land. These actions were styled Klimek v. Norfolk & Western Railway Co., Civil Action No. 85-0715-R, and Klimek v. Wagner, Civil Action No. 85-0864-R.
 
 
 6
 In 1985 Klimek also filed an action styled Klimek v. Keifer, Civil Action No. 85-0875-R, which concerned littering on Klimek's property. In another action filed in the fall of 1985, Klimek v. Barney, Civil Action No. 85-0804-R, Klimek alleged that the Commonwealth's Attorney for the City of Petersburg violated his constitutional rights in writing a letter to United States Senator Trible. In Klimek v. Williams, Civil Action No. 85-0816-R, Klimek alleged that various officers of the federal courts had violated his constitutional rights by interfering with his access to the courts. In all of the open actions, Klimek asserted that the basis for federal jurisdiction was 42 U.S.C. Sec. 1983 or portions of the federal constitution.
 
 
 7
 Confronted with what it termed "the irrational abuse of courts and the judicial process," the district court dismissed six of Klimek's pending lawsuits and denied his motion for reconsideration in Civil Action No. 85-0446-R. The district court, sua sponte, also issued an injunction:
 
 
 8
 It is hereby ORDERED that Plaintiff, Adam Klimek, be not permitted to file any further actions in this Court of any nature, unless allegations of fact be sworn to and unless the suit be supported by a certificate upon his oath that he believes he is entitled to relief against each person sued. If it appears that Mr. Klimek has violated either such oath in any material regard, the manner will be referred to the United States Attorney for prosecution for perjury or for other appropriate action.
 
 
 9
 Furthermore, it is ORDERED that any action tendered by Plaintiff, Adam Klimek, be referred to a judge of this Court to determine whether a bona fide or arguable claim has been made and that the terms hereof have been complied with. Absent such a finding by a judge of this Court, the Clerk of the Court SHALL refuse the filing of such action.
 
 
 10
 If Mr. Klimek be represented in such suit be a member of the Bar of this Court, the provisions of this injunction shall not be applicable.
 
 
 11
 The district court's judgment in Klimek v. Hunter, was entered on December 17, 1985, as was the injunction. On January 16, 1986, Klimek filed a timely notice of appeal. The notice of appeal limited itself to the injunction order of December 17, which placed conditions on the filing of future actions. The notice of appeal also stated, "This is not (emphasis added) an appeal of DISMISSAL of any of the seven actions." Appended to the notice of appeal were a "Motion to Stay Dismissal Order(s)" and other motions.
 
 
 12
 On February 6, 1986, the district court denied Klimek's "Motion to Stay Dismissal Order(s)" and dismissed the remaining motions. On March 10, 1986, Klimek filed an "Amended Notice of Appeal." In that document Klimek stated that the original notice of appeal remained intact and also stated that appeal was sought of the district court's February 6, 1986, opinion and order. Appended to the "Amended Notice of Appeal" were a second "Motion to Stay Dismissal Order(s)" and other motions. On March 13, 1986, the district court filed an order noting that it was taking no action on the motions contained in the March 10, 1986 document.
 
 
 13
 This Court must determine what issues have been preserved for appeal. In so doing we are bound by Haines v. Kerner, 404 U.S. 519 (1972), to liberally construe the notice of appeal since it was drafted by a pro se appellant. The January 16 notice of appeal expressly stated that it did not apply to the December 17 dispositions of seven actions by the district court. The March 10 attempted amendment of the notice of appeal was filed more than sixty days after the December 17 judgment, and was therefore untimely as to it. See Hensley v. Chesapeake & O. Ry., 651 F.2d 226 (4th Cir.1981). In an informal brief filed on April 28, 1986, Klimek asserted that "[a]ll dismissals must be reversed and remanded." Where, however, as in this case, a party intentionally does not appeal a part of a judgment, he cannot, after the time for filing has elapsed, change his mind and appeal from that part of the judgment. Bach v. Coughlin, 508 F.2d 303, 306-07 (7th Cir.1974). See generally 9 J. Moore, B. Ward and J. Lucas, Moore's Federal Practice, p 203.18 at 3-78, -79 (2d ed. 1985). Therefore, only the December 17 injunction and the district court's disposition of subsequent motions are before us.*
 
 
 14
 A preliminary question is whether the district court had the power sua sponte to enjoin further filings of frivolous and vexatious claims. Authority to issue such injunctions has been found in the All Writs Act, 28 U.S.C. Sec. 1651(a). See Green v. Warden, 699 F.2d 364, 367-68 (7th Cir.) (appellate authority under 28 U.S.C. Sec. 1651(a)), cert. denied, 461 U.S. 960 (1983); Shuffman v. Hartford Textile Corp. (In re Hartford Textile Corp.), 613 F.2d 388, 390 (2d Cir.1979).
 
 
 15
 In reviewing such injunctions, we are limited to deciding whether the district court abused its discretion. See, e.g., Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir.1986) (en banc) (considerable discretion reposed in district court); Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1524 (9th Cir.1983), cert. denied, 465 U.S. 1081 (1984). Limitations on an individual's access to the courts have been upheld if the district court has found that an individual repeatedly filed frivolous or vexatious acitons. See Wood, supra, at 1523-25 (injunction upheld enjoining relitigation of claim engendering 35 separate actions); Harrelson v. United States, 613 F.2d 114 (5th Cir.1980) (injunction upheld to prevent continuation of repeated relitigation of same issues); Ruderer v. United States, 462 F.2d 897 (8th Cir.) (injunction upheld preventing relitigation of issues previously resolved), appeal dismissed and cert. denied, 409 U.S. 1031 (1972).
 
 
 16
 Before issuing the injunction here, the district court specifically found that Klimek's suits were frivolous and constituted an irrational abuse of the courts. Therefore, the district court did not abuse its discretion in concluding that it was appropriate to determine whether an injunction should issue.
 
 
 17
 The next question is whether the district court followed a proper procedural course in addressing the propriety of an injunction. Several circuit courts have concluded that a district court should not sua sponte enjoin further filings in support of frivolous claims without giving the party to be enjoined notice and an opportunity to be heard. See In re Oliver, 682 F.2d 443, 446 (3rd Cir.1982); Shuffman, supra, at 390. See also Procup, supra, at 1070 n. 1 (district court granted pro se plaintiff opportunity to contest proposed injunction). Similarly, the district court's order here should not have been entered without giving Klimek notice and an opportunity to be heard.
 
 
 18
 We turn to the district court's order entered on February 6, 1986. The district court's February 6, 1986 order properly denied the "Motion to Stay Dismissal Order(s)" because the appeal addressed an entirely distinct manner, the propriety of the injunction with respect to future filings. The district court also correctly concluded that it was without jurisdiction to grant Klimek's other motions. See 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice p 203.11 (2d ed. 1985).
 
 
 19
 Accordingly, we remand this case to the district court so that it may conduct a hearing, on notice to Klimek, on whether and to what extent he should be enjoined from filing future actions. We affirm the district court's disposition of Klimek's post-injunction motions. The "Motion for Alternative," "Motion to Stay Dismissal Order(s)," "Motion to Enlarge Limitations of Actions," "Motion for Three-Judge Panel to Review Notice of Appeal," and "Demand for Information" are denied. Because oral argument would not aid the decisional process, we dispense with it.
 
 
 20
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The March 10, 1986 document was effective to preserve appellate review of the district court's February 6 actions