826 F.2d 1066
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gene WILLIAMS, Plaintiff-Appellant,
v.
DEPUY, INCORPORATED, A DIVISION OF BOEHRINGER MANNHEIM
COMPANY; Vince Palermo; and John Whitty,
Defendants-Appellees.
 No. 87-5627.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1987.
 
 Before MILBURN and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals from an order granting the defendants' motion for costs and attorney's fees incurred as a result of certain dismissed claims. The defendants now move to dismiss this appeal on grounds that there is no final decision for purposes of 28 U.S.C. Sec. 1291, and further seek an award of the attorney's fees resulting from the appeal. The plaintiff has filed a response.
 
 
 2
 By order dated April 28, 1987, the district court granted the defendants' motion for partial summary judgment as to Counts III, V and VI of the plaintiff's complaint. The court awarded costs and attorney's fees incurred as a direct result of Counts V and VI pursuant to Rule 11, Federal Rules of Civil Procedure. The award was stayed pending application by the defendant within thirty (30) days from entry of judgment as required by the local rules of the district court. No judgment has been entered, and the defendant has not yet applied for an award of attorney's fees. Consequently, no specific award has been fixed by the court. The plaintiff filed his notice of appeal from the award of costs and fees on May 20, 1987.
 
 
 3
 Absent certification for an interlocutory appeal under 28 U.S.C. Sec. 1292(b) or Rule 54(b), Federal Rules of Civil Procedure, an order disposing of fewer than all parties or claims in an action is not a final, appealable order for purposes of 28 U.S.C. Sec. 1291. William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978) (per curiam); Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.1973) (per curiam). This Court has held that an award of an undetermined amount of attorney's fees is not a final appealable decision, Morgan v. Union Metal Mfg., 757 F.2d 792 (6th Cir.1985); see also Gates v. Central States Teamsters Pension Fund, 788 F.2d 1341 (8th Cir.1986) and the cases cited therein, and that determination of the amount of attorney's fees is not collateral to a determination of liability for attorney's fees. Morgan, 757 at 795. Because the orders appealed from are neither final nor certified for interlocutory review, and are not reviewable under the collateral order doctrine, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949),
 
 
 4
 It is ORDERED that the motion to dismiss is granted.
 
 
 5
 Upon consideration,
 
 
 6
 It is further ORDERED that the motion for attorney's fees and double costs under Rule 38, Federal Rules of Appellate Procedure, is denied.