**Anthony WILLIS, Plaintiff,**

v.

**Michael P. LANE, et al., Defendants.**

**No. 88–2264.**

United States District Court, C.D. Illinois.

May 31, 1989.

ORDER

BAKER, Chief Judge.

The plaintiff, Anthony Willis, a former inmate of the Danville Correctional Center, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, various corrections officials, violated the plaintiff's constitutional rights by interfering with the plaintiff's legal or privileged mail on five occasions in June, 1988. This matter is before the court for consideration of the parties' cross-motions for summary judgment.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir.1984), *cert. denied*, 470 U.S. 1028, 105 S.Ct. 1393, 84 L.Ed.2d 782 (1985). "[I]n determining whether factual issues exist, a reviewing court must view all the evidence in the light most favorable to the non-moving party." *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir. 1985). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2550.

Because the court finds that summary judgment for the defendants is appropriate, the court will accept the plaintiff's statement of facts: On June 12, 1988, the plaintiff sent five letters to the mail room at the Danville Correctional Center for processing as outgoing mail. On June 14, 1988, defendant Williams, the mail room supervisor, directed that four of the items the plaintiff had submitted be returned to the plaintiff. The plaintiff received those pieces of mail

Anthony Willis, pro se.

Elizabeth Walsh, Asst. Atty. Gen., Chicago, Ill., for defendants.

on June 16, 1988, accompanied by written notes from the mail room explaining why the mail had been returned. The plaintiff contends that the defendant should not have interfered with the letters in question because of regulations protecting "privileged" and "legal" mail; the defendants rebut that the returned items did not fall within the Department's definition of privileged mail.

■ A constitutional right critical to prisoners is that of access to the courts. Without access it is impossible for prisoners to use the judicial system to vindicate other rights. Once a prisoner decides to initiate a lawsuit to protect his civil rights, he needs and is entitled to envelopes and stamps in order to correspond with the appropriate court. *Bounds v. Smith*, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 1496–97, 52 L.Ed.2d 72 (1977). Although a prisoner has a right of access to the courts, which necessarily includes the right to use the mail system, he does not have a right to unlimited free postage. *Bach v. Coughlin*, 508 F.2d 303, 307 (7th Cir.1974); *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir.1986). Rather, prison authorities are permitted to make a "reasonable attempt to balance the right of prisoners to use the mails with prison budgetary concerns." *Bach*, 508 F.2d at 307–308; *Gaines*, 790 F.2d at 1308.

■ In addition to the limited right to free postage, it is well established that prisoners have a right under the First and Fourteenth Amendments to mail and receive letters free from arbitrary or unjustified governmental interference. *See Procunier v. Martinez*, 416 U.S. 396, 409, 94 S.Ct. 1800, 1809, 40 L.Ed.2d 224 (1974); *Wolff v. McDonnell*, 418 U.S. 539, 577, 94 S.Ct. 2963, 2985, 41 L.Ed.2d 935 (1974). Deliberate mishandling of an inmate's legal correspondence violates the inmate's right of access to the courts. *Crowder v. Lash*, 687 F.2d 996, 1004 (7th Cir.1982).

The Illinois Department of Corrections rules governing the processing of outgoing mail reflect the constitutional guidelines. For example, Departmental Rule 525.130 dictates that "[c]ommitted persons shall be permitted to mail at State expense the equivalent of three one-ounce, first-class letters each weeks"; furthermore, the rules provide that indigent inmates "shall be permitted to send reasonable amounts of legal mail at State expense." *See* Ill.Admin.Code Title XX, § 525.130(a); (b) (1985). The rules also bar prison officials from opening clearly marked "privileged" mail for inspection. Section 525.130(d). Privileged mail is defined in § 525.110.

■ The court has examined the pleadings, affidavits, and other exhibits, and concludes that the defendants are entitled to judgment as a matter of law. None of the plaintiff's so-called "privileged" mail fell within the Department of Corrections' definition of privileged mail; furthermore, in another instance, the plaintiff failed to submit money vouchers for postage. The court finds that the defendants acted in good faith and consistently with constitutional and regulatory guidelines in the processing of the plaintiff's outgoing mail.

The plaintiff alleges that he sent out several pieces of correspondence constituting "legal mail" on June 12, 1988. In his affidavit, defendant Williams, the Danville mail room supervisor, asserts that the plaintiff had marked three letters as "legal mail," and sealed the envelopes, as is allowed for privileged mail by Department of Corrections rules. *See* Section 525.130(d). However, Williams directed that the addressees' names be checked against a legal directory; the mail room staff then determined that none of the mail constituted "privileged mail" as defined by Departmental Rule § 525.110. Therefore, the three items were returned to the plaintiff with the direction that he re-submit them unsealed, as is required for unprivileged mail. *See* Section 525.130(e).

■ The fourth item of mail was a brown envelope which required $1.69 postage. That item, too, was returned to the plaintiff with the following instructions: "Re-submit unsealed. Not legal/privileged per DR or ID. Need *voucher* for anything over 3 one-oz letters. Brown envelope is $1.69" (emphasis in original). The defendants acted properly in refusing to send

out the over-sized envelope because it was not privileged and exceeded the allowance of three one-ounce letters per week under § 525.130(a). Furthermore, the plaintiff's own exhibit shows that he was specifically advised that he could re-submit the over-weight item if he attached a voucher to cover the postage.

In the plaintiff's cross-claim for summary judgment, the plaintiff asserts that in their brief, the defendants addressed the processing of mail whose return the plaintiff does not challenge. The plaintiff goes on to argue that the defendants' interference with two allegedly privileged letters dated June 21 and June 28, 1988, violated his constitutional rights. First, the plaintiff's complaint makes no mention of alleged violations occurring on those dates. Rather, the plaintiff's complaint cites to incidents occurring between June 12 and June 17, 1988. The defendants' affidavits and both parties' exhibits correspond with the earlier dates. The plaintiff may not, at this stage of the proceedings, raise entirely new claims against the defendants in response to the defendants' motion for summary judgment. Second, the plaintiff has not shown that the letters were entitled to privileged treatment, as the addressees do not appear to be attorneys or other legal entities. In any event, the plaintiff's own exhibits indicate that the items in question were mailed within a day of their receipt in the mail room. Even were this court to allow the plaintiff to raise new claims in his summary judgment brief, the alleged new incidents of mail interference are without merit.

In summary, the record clearly establishes that the defendants fully complied with statutory and constitutional mandates at all times in question. As was explained to the plaintiff at his meeting with defendant Williams on June 21, 1988, it was the plaintiff who failed to observe administrative regulations in posting his mail. The defendants properly rejected sealed envelopes which were stamped as "legal mail" when those items did not meet the Department's definition of privileged mail. *See* Section 525.130; Section 525.110. The defendants' return of another letter or letters was also appropriate, due to the plaintiff's failure to attach a money voucher. Because the plaintiff failed to adhere to administrative regulations, his mail was returned to him unprocessed. Nothing in the record suggests that the defendants impermissibly delayed or otherwise interfered with the plaintiff's legal correspondence. In light of the court's finding that the defendants did not violate the plaintiff's constitutional rights, discussion of the parties' arguments regarding prejudice to the plaintiff's litigation and the individual defendants' personal involvement is unnecessary.

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment (Docket # 19) is allowed and the plaintiff's cross-motion for summary judgment (Docket # 21) is denied. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff. The parties are to bear their own costs. Cause stricken and case dismissed.