30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James B. JONES, Plaintiff-Appellant,
v.
Jim EDGAR, Governor of Illinois, et al., Defendants-Appellees.
 No. 93-1919.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 14, 1994.*
Decided July 25, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James Jones, a prisoner of Illinois, contends that the defendants violated his rights under the first amendment (applied to the states by the fourteenth) by opening his mail and charging him for postage on legal mail. The district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6), so we must inquire whether plaintiff could prove any facts, consistent with the complaint, that would entitle him to relief. Like the district court, we answer "no."
 
 
 2
 Most of the defendants have nothing to do with the deeds of which plaintiff complains. The Governor of Illinois, for example, did not open any of the mail and does not establish the policies in question. But because the persons who did these things are among the defendants, and these persons prevail on the merits, it is unnecessary to sort out who is properly held responsible for the events at issue.
 
 
 3
 1. The prison charges inmates' accounts for postage, including postage on mail sent to court, but permits inmates with zero balances to send "reasonable" quantities of legal mail at state expense. Jones does not contend that any of his legal mail has been returned for want of postage; instead he contends that the prison should mail everything he wants, at no expense to him. But persons outside of prisons must pay for their own postage. The first amendment does not entitle prisoners to free postage any more than it gives them free copies of novels or newspapers. Gains v. Lane, 790 F.2d 1299, 1308 (7th Cir.1986); Bach v. Coughlin, 508 F.2d 303, 307-08 (7th Cir.1974).
 
 
 4
 2. Jones contends that guards opened mail addressed to him by courts. He believes that the first amendment entitles him to receive this mail without inspection for contraband. Whatever interest in secrecy the first amendment creates, it creates none in mail from courts. Documents generated by a court are open to the public. Martin v. Brewer, 830 F.2d 76, 78 (7th Cir.1987). What is open to the public at a courthouse is open to prison officials trying to ensure that the mail marked with a judicial origin in fact has a judicial origin and is free from contraband, coded messages, and the like.
 
 
 5
 3. Jones believes that mail he sends to the Attorney Registration and Disciplinary Commission should not be subject to inspection on the way out. The prison does not treat this as "privileged" mail and returned to the prisoner any sealed, unprivileged envelope. The category of "privileged" mail need not be expanded beyond attorney-client correspondence. Smith v. Shrimp, 562 F.2d 423 (7th Cir.1977). What prisoners send to one public official (the staff of the ADRC) may be a legitimate subject of inquiry by other public officials (the warden and his aides); which public officials see the mail is a question for the state to decide. Once again, inspection of mail may be essential to ensure that appearances are not deceiving.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record