# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2907

_____

| | | |
|---|---|---|
| Carl L. Green, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| City of St. Paul, a Municipal | * | |
| Corporation; Christine Rozek, | * | |
| Individually and in Her Official | * | |
| Capacity as Deputy Director of | * | Appeal from the United States |
| LIEP; Kris Schweindler, Individually | * | District Court for the |
| and in Her Official Capacity as | * | District of Minnesota |
| Senior License Inspector; Virginia | * | |
| Palmer, Individually and in Her | * | [UNPUBLISHED] |
| Official Capacity as City Attorney; | * | |
| Jerry Blakey, Individually and in His | * | |
| Official Capacity as Councilman for | * | |
| the City of St. Paul; St. Paul City | * | |
| Council, Sued as The City Council | * | |
| of St. Paul, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  May 18, 1999

Filed:  June 10, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Carl Green appeals from the final judgment entered in the District Court[1] for the District of Minnesota granting summary judgment in favor of the City of St. Paul (City) and other defendants in his civil rights suit. The district court concluded that Green did not have a protected property or liberty interest in the issuance of a cabaret license, and that Green was not entitled to notice and an opportunity to be heard regarding the St. Paul City Council's (Council) action restricting the issuance of such licenses. For reversal, appellant argues the procedural requirements of the City's licensing scheme operated as substantive limits on the Council's discretion in denying licenses; he was improperly denied notice of the Council's proceedings to restrict the issuance of cabaret licenses; the denial of the license violated his substantive due process rights; the district court should have continued the summary judgment hearing; and the district court erred in requiring him to pay defendants' costs and attorney's fees incurred in defending claims that were dismissed upon Green's motion. For the reasons discussed below, we affirm the grant of summary judgment and dismiss Green's appeal of the award of costs and attorney's fees.

We agree with the district court that the City's licensing scheme did not create a protected property interest in the issuance of a cabaret license, because the licensing scheme entrusted the Council with considerable discretion in deciding whether to grant such a license. See St. Paul, Minn., Legislative Code § 426.05(c)-(d) (city council "may deny an application for renewal or grant of a license on the basis of a determination that the public health, safety or welfare would be otherwise adversely affected"); cf. Midnight Sessions, Ltd. v. City of Philadelphia, 945 F.2d 667, 679 (3d Cir. 1991) (city ordinance conditioning issuance of dance hall license upon finding that facility is "safe and proper place" did not create "'legitimate claim of entitlement'"

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

protected by procedural due process requirements (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)), cert denied, 503 U.S. 984 (1992)).

We conclude that the denial of Green's license application did not infringe upon Green's right to engage in a gainful occupation, see New Motor Vehicle Board v. Orrin W. Fox Co., 434 U.S. 1345, 1348 (Rehnquist, Circuit Justice 1977), and did not constitute the sort of "'badge of infamy'" that triggers procedural due process, see Wisconsin v. Constantineau, 400 U.S. 433, 435-40 (1971) (quoted case omitted). We also conclude that Green failed to show he was entitled to notice of the Council's legislative proceedings regarding restrictions on the issuance of cabaret licenses. See Minnesota State Bd. for Community Colleges v. Knight, 465 U.S. 271, 283-85 (1984); County Line Joint Venture v. City of Grand Prairie, 839 F.2d 1142, 1145-46 (5th Cir.), cert. denied, 488 U.S. 890 (1988). As to Green's substantive due process claim, even assuming Green could show the denial of the license deprived him of a deeply-rooted fundamental right, see Singleton v. Cecil, No. 97-1726, slip op. at 8-10, 1999 WL 301623, at *5-7 (8th Cir. Apr. 27, 1999) (en banc), the record refutes any claim that the Council's denial constituted the sort of "'truly irrational'" government action forbidden by the Due Process Clause, see Chesterfield Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1104-05 (8th Cir. 1992) (quoted case omitted), either in its consideration of the merits of Green's application, or in the delay in commencing such consideration.

We believe the district court did not abuse its discretion in failing to continue the summary judgment hearing. Cf. Rydder v. Rydder, 49 F.3d 369, 373 (8th Cir. 1995) (standard of review for trial continuance). Finally, we dismiss Green's appeal of the district court's award of costs and attorney's fees. See Gates v. Central States Teamsters Pension Fund, 788 F.2d 1341, 1343 (8th Cir. 1986) (order finding appellant liable for attorney's fees and costs but without determining specific amount of that award is not final and appealable order).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.